IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID W. LEEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-1446-L** |
| | § | |
| FROST BANK and FRIDGE & RESENDEZ, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On September 30, 2020, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court dismiss with prejudice this action filed by pro se Plaintiff David W. Leek ("Plaintiff")[1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Specifically, he determined that, with respect to Plaintiff's claims against Defendant Fridge & Resendez, LLC ("F & R") for violations of Section 1692g of the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff failed to set forth sufficient allegations—even after an opportunity to amend based on his responses to the court's questionnaire[2]—to demonstrate that F & R is a "debt collector" as defined under the FDCPA. Thus, Magistrate Judge Horan determined that the absence of such allegations is fatal to Plaintiff's FDCPA claim, and, accordingly, he recommends that the court dismiss this claim with prejudice, as further leave to amend would be futile.

---

[1] Magistrate Judge Horan granted Plaintiff leave to proceed *in forma pauperis* on June 6, 2018. Doc. 5.

[2] Plaintiff responded to the court's questionnaire requesting additional information on July 9, 2018. *See* doc. 7.

Order – Page 1

With respect to Plaintiff's claims against Frost Bank for violations of Sections 1681s-2 and 1681o of the Fair Credit Reporting Act ("FCRA"), Magistrate Judge Horan determined that Plaintiff failed to set forth any allegation, even after responding to the court's questionnaire, that Frost Bank, as a furnisher of information to consumer reporting agencies, failed to comply with Section 1681s-2(b) of the FCRA after receiving notice from a credit reporting agency, as required to receive relief under the Act. Report 9, 11-12. Thus, Magistrate Judge Horan determined that Plaintiff's claims against Frost Bank should also be dismissed with prejudice, as a further leave to amend would be futile. No objections to the Report were filed, and the time to do so has passed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them as those of the court. The court also agrees that allowing Plaintiff another opportunity to amend would be futile and would unnecessarily delay the resolution of this action. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Accordingly, the court **dismisses with prejudice** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 28th day of December, 2020.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

Order – Page 3